**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————————

**No. 12-4454**

—————————

UNITED STATES OF AMERICA,

               Plaintiff - Appellee,

    v.

VICTORIA NICOLE HOWELL,

               Defendant - Appellant.

—————————

Appeal from the United States District Court for the District of
South Carolina, at Orangeburg.    Margaret  B.  Seymour,  Chief
District Judge.  (5:08-cr-00944-MBS-23)

—————————

Submitted:  October 10, 2012      Decided:  December 19, 2012

—————————

Before DAVIS, KEENAN, and DIAZ, Circuit Judges.

—————————

Affirmed by unpublished per curiam opinion.

—————————

Langdon D. Long, Assistant Federal Public Defender, Columbia,
South Carolina, for Appellant.   John David Rowell, Assistant
United States Attorney, Columbia, South Carolina, for Appellee.

—————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Victoria Howell appeals the district court's order revoking her term of supervised release and imposing a sentence of six months' imprisonment. Counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), certifying that there are no meritorious issues for appeal, but questioning whether the six-month sentence was plainly unreasonable. Howell was given the opportunity file a pro se supplemental brief, but has not done so. The Government declined to file a brief. We affirm.

A district court has broad discretion to impose a sentence revoking a defendant's supervised release. United States v. Thompson, 595 F.3d 544, 547 (4th Cir. 2010). We will affirm a sentence imposed after revocation of supervised release if it is within the statutory maximum and is not "plainly unreasonable." United States v. Crudup, 461 F.3d 433, 439-40 (4th Cir. 2006). In making this determination, we first consider whether the sentence imposed is procedurally or substantively unreasonable. Id. at 438. A supervised release revocation sentence is procedurally reasonable if the district court has considered the advisory policy statement range and the 18 U.S.C. § 3553(a) factors applicable to supervised release revocation. Id. at 438-40. "A court need not be as detailed or specific when imposing a revocation sentence as it must be when

2

imposing a post-conviction sentence, but it still must provide a statement of reasons for the sentence imposed." Thompson, 595 F.3d at 547 (internal quotation marks omitted). A sentence is substantively reasonable if the district court stated a proper basis for concluding the defendant should receive the sentence imposed, up to the statutory maximum. Crudup, 461 F.3d at 440. Only if a sentence is found procedurally or substantively unreasonable will we "then decide whether the sentence is plainly unreasonable." Id. at 439.

The district court correctly calculated the Guidelines policy statement range as three to nine months' imprisonment, and the six-month sentence is within the statutory maximum of thirty-six months' imprisonment. Howell admitted each of the violations: failing to report for scheduled drug testing on three separate occasions, testing positive for illegal drugs on three occasions, and refusing to enter inpatient treatment.

The district court's revocation sentence did not, however, address or rely on any of the 18 U.S.C. § 3553(a) factors listed in § 3583(e). Nevertheless, a defendant must invoke those factors and argue "for a sentence different than the one ultimately imposed" in order to "preserve[] its claim." United States v. Lynn, 592 F.3d 572, 578 (4th Cir. 2010). "An objection to an inadequate explanation will be preserved if, during sentencing proceedings, the defendant properly raised a

meritorious factual or legal issue relating to one or more of the [sentencing] factors." Id. at 579 (quotation omitted).

Howell never submitted a request for a below-guidelines sentence or any sentence different than the one imposed, and "the rigorous plain-error standard applies to unpreserved claims of procedural sentencing error." Id. at 577. In order to prevail, therefore, Howell "must show that an error (1) was made, (2) is plain (i.e., clear or obvious), and (3) affects substantial rights." Id. The first two conditions are likely satisfied, since "failing to consider the § 3553(a) factors" delineated in § 3583(e) constitutes a procedurally unreasonable sentence. Gall v. United States, 552 U.S. 38, 49 (2007).

However, we are satisfied that any error did not affect Howell's substantial rights. "An error that affects substantial rights is an error that has a prejudicial effect on the outcome: there is a reasonable probability that, but for the error claimed, the result of the proceeding would have been different." In re Gates, 600 F.3d 333, 340 (4th Cir. 2010) (quoting United States v. Dominguez Benitez, 542 U.S. 74, 82, (2004)). Howell admitted to the allegations underlying the sentencing revocation, and the sentence was in the middle of the applicable guidelines. Accordingly, we find there is no reasonable probability that the district court would have

4

imposed a different sentence even after considering the § 3553(a) factors.

We therefore affirm the district court's judgment and deny Howell's motion and supplemental motion to expedite as moot. This court requires that counsel inform Howell, in writing, of her right to petition the Supreme Court of the United States for further review. If Howell requests that a petition be filed, but counsel believes that such a petition would be frivolous, counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Howell. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED